```
          IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF KANSAS


FAITH SUMP and ROLLIN E.
SUMP,
               Plaintiffs,
     vs.                           Case No. 07-4014-RDR

DR. WILLIAM BRIAN SCHAULIS,
et al.,
               Defendants.
_____
```

**MEMORANDUM AND ORDER**

Introduction

On January 23, 2007 plaintiffs Faith Sump and Rollin E. Sump filed the above-captioned pro se complaint against 15 defendants. Plaintiffs were granted leave to do so in forma pauperis. The complaint arises from a dispute over a real estate contract involving land in Clay County, Kansas. There were two cases involving the same dispute filed in Clay County state district court more than thirty days prior to the filing of the case at bar. One case was filed against the Sumps and one case was filed by the Sumps.

Motions to dismiss or to remand are pending in this matter. This case is now before the court upon those motions.

Legal standards for review

For the purposes of reviewing the complaint upon the motions to dismiss, we accept all of the well-pleaded allegations as true and view them in a light most favorable to plaintiffs. Johnson v.

Johnson, 466 F.3d 1213, 1214 (10th Cir. 2006).  We view the pro se pleadings in this case liberally and hold them to a less stringent standard than those drafted by an attorney.  Id.  Still, the court does not assume the role of advocate for pro se litigants, nor are such litigants relieved of the burden of alleging sufficient facts upon which a claim or proper jurisdiction can be based.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Removal

There is some indication in plaintiffs' pleadings that they intend to move their state court action to this court by way of the complaint filed in this case.  There are no procedures for a state court plaintiff to remove the state case into federal court, and removal by the Sumps as state court defendants is clearly untimely.  See 28 U.S.C. §§ 1441 and 1446.  Therefore, the court shall treat this case as a separate case from the cases filed in state court.

Subject matter jurisdiction and standing

It is clear from the complaint that diversity of citizenship does not exist here.  Therefore, jurisdiction is only available in this court under 28 U.S.C. § 1331, which provides that federal courts may hear civil actions brought under the Constitution or laws or treaties of the United States. Plaintiffs assert that they are bringing this case under the following federal statutes:  18 U.S.C. §§ 1028, 1028A, 373, 1961 and 1962.  Plaintiffs also cite numerous Kansas statutes, but these statutes cannot provide

jurisdiction for this court to hear this case.

Section 1028 provides criminal punishments for fraud in connection with identification documents and information. Section 1028A provides criminal penalties for aggravated identity theft. Section 373 is a criminal statute punishing the solicitation to commit a crime of violence. Sections 1961 and 1962 are part of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which contains both criminal penalties and civil remedies.

Plaintiffs are private citizens and do not have standing to bring criminal prosecutions. Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); see Newcomb v. Ingle, 827 F.2d 675, 677 n.1 (10th Cir. 1987) (no private right of action under a particular criminal statute); see generally, Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of criminal law). Therefore, plaintiffs cannot bring an action under the criminal statutes mentioned above - §§ 1028, 1028A and 373 - or the criminal provisions of the RICO statute.

Plaintiffs make rather vague references to the violation of constitutional rights. But, plaintiffs do not assert a cause of action for the enforcement of such rights under 42 U.S.C. § 1983, for instance. Nor does such an action for the violation of federal constitutional rights appear viable under the allegations made against governmental officials in the complaint. See generally, Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005)(no Due

Process right to have someone arrested in spite of the benefit which a third party might receive from the arrest).

In sum, the subject matter jurisdiction of this court is dependent upon whether plaintiffs have stated a claim under the civil RICO provisions of the federal code.

<u>Plaintiffs' allegations</u>

Plaintiffs name the following persons as defendants:  Dr. William Schaulis and Jennifer Schaulis, who were purchaser parties in the real estate contract; Richard James, who was the Schaulis's attorney as well as the Clay County Attorney; Dennis Roles and Greg Roles, who apparently did some agricultural work or service on the land for the Schaulis's; John Omli, Jeff Bathurst and Omli & Associates, who apparently were real estate agents for the Schaulis's; Geary Grain, Inc. and River Valley Extension District, who did agricultural work or service on the land for the Schaulis's; Landmark Surveying and Mapping, Inc., which performed a survey of the land; Central Plains Title Inc.; the Clay County Register of Deeds; the Clay County and Washington County Sheriff's Departments; and Deputy Brian Campbell, who works for one or both of those departments.

Plaintiffs allege that a real estate contract dated April 3 and 4, 2006 between them and defendants Schaulis was written ambiguously and illegally altered by defendant Jeff Bathurst or some other agent for defendant John Omli and Associates, Inc. and

4

the Schaulis's. Plaintiffs assert that these defendants, along with Richard James, have refused to correct or make corrections to the contract and have refused to invalidate the contract. Plaintiffs further allege that these defendants illegally claimed a right to the 2006 growing wheat crop on the land by making false statements and altering the real estate contract.

Plaintiffs also allege that the Schaulis's and Jeff Bathurst breached the contract by renting the property to defendants Dennis Roles and Greg Roles without plaintiffs' permission and by making misleading statements concerning the terms of the contract. They further allege that the Schaulis's breached the contract by demanding to be released from the contract.

Plaintiffs contend that the Schaulis's, the Roles's, Geary Grain and the River Valley Extension District caused damage to plaintiffs' property and adjoining property by farming practices.

Plaintiffs contend that defendants Geary Grain, Schaulis, and Dennis and Greg Roles attempted to force plaintiffs to accept less money than the amount stated in the contract or to provide a deed to all of their property or to extort money from plaintiffs when causing damage to their property. Plaintiffs contend that defendants Bathurst, Omli and the Omli Corporation failed and refused to perform their contract with plaintiffs.

Plaintiffs state that they were told by defendant John Omli that they would have to pay the Schaulis's and the Roles's

$3,000.00 without explaining how that figure originated. Plaintiffs further state that they received a cancellation agreement and mutual release form from Mr. Omli that the Schaulis's had not signed.

Plaintiffs assert that defendant Richard James used his position as Clay County Attorney to intimidate and threaten plaintiffs on behalf of the Schaulis's and Roles's and that he obstructed justice by not filing charges and influencing a special prosecutor not to file criminal charges. Plaintiffs further contend that defendant James filed a frivolous civil lawsuit on behalf of the Schaulis's in Clay County district court.

Plaintiffs state that defendant Jeff Bathurst corrupted a survey of property conducted by defendant Landmark Surveying and Mapping, Inc., which was filed with the Clay County Register of Deeds without plaintiffs' knowledge or permission. Plaintiffs allege that they were tricked into paying $1,529.00 for the survey and, in spite of their protests, that money has not been refunded.

Plaintiffs contend that defendants Schaulis, Roles, James, Bathurst, Omli and the Omli Corporation have fabricated and falsified evidence in the Clay County case and have influenced other persons to do so via witness tampering.

Plaintiffs assert that defendants Schaulis, Roles and James caused an affidavit of equitable interest to be filed with the Clay County Register of Deeds regarding the property which is the

subject of this litigation.

Plaintiffs state that the defendants conspired and assisted each other in causing damage to plaintiffs.

Plaintiffs allege that defendant River Valley Extension District trespassed on plaintiffs' property and stole property belonging to plaintiffs.  Plaintiffs further allege that the Washington County Sheriff's Department and the Clay County Sheriff's Department trespassed on plaintiffs' property and allowed defendant River Valley Extension District to steal plaintiffs' property.

Finally, plaintiffs state that defendants Clay County Register of Deeds, Schaulis, Roles, Omli, Omli Corporation, Bathurst and James caused plaintiffs' social security numbers to be publicly revealed.  Plaintiffs allege in addition that the Schaulis's social security numbers were also revealed and thus placed plaintiffs in the position where they could be accused of aiding in identity theft vis-a-vis the defendants Schaulis.

### RICO

To successfully state a RICO claim, a plaintiff must allege four elements:  "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).  The statute requires that a "pattern" of racketeering activity requires "at least two acts of racketeering activity" within a ten-year period.  18 U.S.C. §

1961(5).  The Supreme Court has held that although at least two acts are necessary, that may not be sufficient.  <u>Resolution Trust Corp. v. Stone</u>, 998 F.2d 1534, 1543 (10th Cir. 1993) (citing <u>H.J. Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 236-37 (1989)).

> The Supreme Court has concluded that Congress intended that the pattern element "requires the showing of a relationship between the predicates, . . . and the threat of continuing activity" --that is, "<u>continuity plus relationship</u>."

<u>Id.</u>, quoting <u>H.J., Inc.</u>, 492 U.S. at 239.  This is because "'RICO is not aimed at the isolated offender.'"  <u>Tal v. Hogan</u>, 453 F.3d 1244, 1267 (10th Cir. 2006) <u>cert. denied</u>, 127 S.Ct. 1334 (2007) (quoting <u>Stone</u>, 998 F.2d at 1544).

> Continuity of threat requires both proof of "a series of related predicates extending over a substantial period of time," as well as a "showing that the predicates themselves involve a distinct threat of long-term racketeering activity . . . or that the predicates are a regular way of conducting the defendant's ongoing legitimate business or the RICO enterprise."

<u>Tal</u>, 453 F.3d at 1268 (quoting <u>Stone</u>, 998 F.2d at 1543).  In order to show continuity, "the plaintiff must demonstrate either 'a closed period of repeated conduct' or 'past conduct that by its nature projects into the future with a threat of repetition.'" <u>Boone v. Carlsbad Bancorporation, Inc.</u>, 972 F.2d 1545, 1555 (10th Cir. 1992)(quoting, <u>Phelps v. Wichita-Eagle Beacon</u>, 886 F.2d 1262, 1273 (10th Cir. 1989)).  This has also been phrased as a requirement of showing closed-ended or open-ended continuity.  Closed-ended continuity requires "a series of related predicates extending over

a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct" are insufficient. H.J. Inc., 492 U.S. at 242. Open-ended continuity requires a clear threat of future criminal conduct related to past criminal conduct. Phelps, 886 F.2d at 1273. "A single scheme to accomplish one discrete goal, directed at a finite group of individuals, with no potential to extend to other persons or entities, rarely will suffice to establish a threat of continuing activity." Erikson v. Farmers Group, Inc., 151 Fed.Appx. 672, 677-78 (10th Cir. 2005) cert. denied, 127 S.Ct. 71 (2006)(citing, Boone, 972 F.2d at 1556; Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1516 (10th Cir. 1990); Phelps, 886 F.2d at 1273-74). "Where the scheme has a limited purpose, most courts have found no continuity." Stone, 998 F.2d at 1545.

Plaintiffs allege an enterprise to gain or exercise ownership over a piece of land through a series of actions which started on or about April 3, 2006. Plaintiffs' allegations are not sufficient to establish closed-ended continuity because the events do not extend over a sufficient period of time. Erikson, 151 Fed.Appx. at 678 (actions occurring over a few months did not satisfy continuity requirement); First Capital Asset Management v. Satinwood, Inc., 385 F.2d 159, 181 (2nd Cir. 2004) (a closed-ended period has not been found in the Second Circuit when the predicate acts spanned fewer than two years). Nor is open-ended continuity sufficiently

alleged. Plaintiffs allege a single scheme to accomplish ownership of a piece of property. There is no allegation of a continuing threat of criminal activity over other persons or entities who are not involved with the land in question. Nor are continuing actions to facilitate identity theft alleged.

Conclusion

Plaintiffs do not allege facts which would demonstrate the continuity of racketeering activity required to establish a civil claim under the RICO statute. Plaintiffs do not have standing to bring a criminal prosecution under federal criminal statutes. This court does not have jurisdiction to hear a case between citizens of the same state which does not involve claims under federal civil laws or the Constitution. Therefore, the court will dismiss the complaint unless within 21 days plaintiffs file an amended complaint which corrects the deficiencies identified in this order. See Bellmon, 935 F.2d at 1110 n. 3 ("pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings"). The court has further considered defendants' requests that sanctions be assessed against plaintiffs. After careful review, the court shall decline to issue sanctions against plaintiffs, taking into account that plaintiffs are proceeding pro se and that they have been granted leave to proceed in forma pauperis. Nevertheless, the court will continue to monitor the justification for applying sanctions if legally frivolous arguments

or baseless allegations are made in future pleadings.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2007 at Topeka, Kansas.

s/ Richard D. Rogers<br>United States District Judge