IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

FAITH SUMP and ROLLIN E. SUMP,

        Plaintiffs,

  vs.                              **Case No. 07-4014-RDR**

DR. BRIAN SCHAULIS, et al.,

        Defendants.

## MEMORANDUM AND ORDER

The _pro se_ plaintiffs in this case filed a lengthy complaint against fifteen defendants. The court responded to the complaint with a memorandum and order which concluded that the only basis for federal jurisdiction was 28 U.S.C. § 1331 via a civil RICO claim and that this claim was not adequately alleged. Doc. No. 31. Specifically, the court stated that plaintiffs had failed to allege the continuity of racketeering activity necessary to state a civil RICO claim. The court granted plaintiffs time to amend the complaint to address the deficiencies the court identified in their original complaint.

Plaintiffs have filed an amended complaint. Doc. No. 33. Defendants have filed motions to dismiss the amended complaint. Doc. Nos. 34, 35, 36. The motions assert that this court lacks federal question jurisdiction because the amended complaint fails to state a claim under a federal statute or the Constitution. A _res judicata_ argument is also made on behalf of some of the

defendants.  Plaintiffs made a claim that they were unable to respond to the motions to dismiss.  Doc. Nos. 37, 38.  The court rejected this claim, but granted plaintiffs additional time to respond to the motions to dismiss.  Doc. No. 45.  This case is now before the court upon plaintiffs' amended complaint and the motions to dismiss the amended complaint.

The court shall not repeat much of the discussion contained in our earlier order.  Doc. No. 31.  We shall incorporate it by reference in this opinion.

### Standards

> "Under 28 U.S.C. § 1331, federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint. . . . The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law. . . . A suit will be dismissed for lack of federal question jurisdiction when the claim is 'too insubstantial for consideration,' Hagans v. Lavine, 415 U.S. 528, 539, 94 S.Ct. 1372, 1380, 39 L.Ed.2d 577 (1974), or is 'wholly insubstantial and frivolous,' Junior Chamber of Commerce of Rochester, Inc. v. United States Jaycees, 495 F.2d 883, 886 (10th Cir.), cert. denied, 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301 (1974). Otherwise the district court 'will assume jurisdiction in order to decide whether the allegation stated a cause of action which the court could grant relief as well as to determine the issues of fact arising in the controversy.' Id. at 885."

Martinez v. United States Olympic Committee, 802 F.2d 1275, 1280 (10th Cir. 1986) (some interior citations omitted).  As mentioned in our previous order, we give a liberal construction to pro se pleadings.  But, we do not advocate on behalf of a pro se litigant.

"[E]ven pro se litigants must do more than make mere conclusory statements regarding constitutional claims." Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995).

The Amended Complaint

As one would expect, the allegations in the amended complaint are much the same as the allegations in the original complaint. Plaintiffs' allegations are centered around a disputed real estate contract and various persons who have interacted with plaintiffs, with the agricultural land in question, or with each other because of the real estate contract or because of the dispute and state court litigation which has arisen as a result of the real estate contract. These claims have been described in some detail in the court's previous order, and that description again will be incorporated by reference and not repeated in the body of this order.

Plaintiffs, however, have added some new allegations in the amended complaint. These allegations elaborate upon claims of: criminal trespass and theft of property, apparently in connection with the wheat crop growing on the disputed real estate; identity theft or risk thereof because social security numbers were included on documents that were filed or otherwise published or distributed in connection with the real estate contract; the "search and seizure" of unspecified property on June 2, 2006 without a court-issued warrant; a written death threat on February 1, 2007;

3

encroachment upon the right to petition government and receive protection from the government; unspecified slander and libel of plaintiffs and their neighbors; a demand sometime prior to April 2006 by one defendant that a pasture not be rented to plaintiffs' neighbor; an incorrect land survey listing property owned by plaintiffs' neighbor as property owned by plaintiffs; vague claims of continuing relationships among defendants and a continuing threat of deceptive practices against plaintiffs; infringement upon the right to file for bankruptcy because of the disclosure of social security numbers; and generally taking undue advantage of plaintiffs.

### Civil RICO

The court does not believe plaintiffs' amended complaint states a cause of action under the civil RICO statute. Once again, the court shall incorporate by reference the discussion of the elements of the RICO action contained in our previous order. The amended complaint does not describe a closed period of racketeering activity over a substantial period of time. Nor does the amended complaint describe an open period of racketeering activity that by its nature projects into the future. There is no clear threat of future criminal activity described in the amended complaint. Therefore, the amended complaint fails to allege facts which, if proven, would demonstrate the continuity of action necessary to prove the element of a pattern of racketeering activity.

The court would further note that trespass, slander and libel do not constitute racketeering activity. See 18 U.S.C. § 1961(1). A demand that a pasture not be rented is also not racketeering activity. The continuation of business and/or personal relationships by defendants (see paragraphs 86-88 of amended complaint) is not racketeering activity. Nor is the publication of social security numbers, as opposed to the use of someone's social security number for illicit gain. The constitutional violations generally asserted by plaintiffs also are not racketeering activity.

In addition, the amended complaint does not describe a racketeering "enterprise" as much as a series of unorganized individual relationships associated with a single real estate contract dispute. See U.S. v. Tocco, 200 F.3d 401, 425 (6th Cir. 2000) (an "enterprise" must have a structure and an organizational pattern for conducting business other than on an ad hoc basis); U.S. v. Sanders, 928 F.2d 940, 943-44 (10th Cir.) cert. denied, 502 U.S. 845 (1991) (an "enterprise" must be an ongoing organization with a decision-making framework or mechanism for controlling the group). Therefore, facts which could prove the required element of an "enterprise" are also missing from the amended complaint.

<u>Plaintiffs' response to the motions to dismiss</u>

Of the arguments made in plaintiffs' response to the motions to dismiss, the only argument which may require additional

discussion in this order is plaintiffs' request for another opportunity to amend the complaint and plaintiffs' request that any dismissal of this case be without prejudice. The court shall deny plaintiffs' request for leave to file a second amended complaint for two reasons. First, the request is mostly vague and provides little, if any, description of what the amendment would be so that the court could evaluate it under the standards developed under FED.R.CIV.P. 15. Second, to the extent plaintiffs are requesting leave to amend to add a claim under 42 U.S.C. § 1983, the court shall deny plaintiffs' request because we believe the amendment would be futile. See Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004) (district court may deny leave to amend where amendment would be futile).

While the current complaint does not directly allege a claim under § 1983, plaintiffs make references to the encroachment of constitutional rights. These allegations are often lacking in factual delineation and, upon current inspection, do not suggest a meritorious claim. It may be relevant to note that there is no requirement of a warrant to "search" an open field. See U.S. v. Dunn, 480 U.S. 294, 300 (1987) (the Fourth Amendment's protection is accorded to persons, houses, papers and effects, not to open fields). In addition, the right to petition government does not incorporate a right to receive a government response to or official consideration of the petition. Minnesota State Board for Community

6

Colleges v. Knight, 465 U.S. 271, 283 (1984); Smith v. Arkansas State Highway Employees, 441 U.S. 463, 464-65 (1979); We the People Foundation v. U.S., 485 F.3d 140, 143 (D.C.Cir. 2007). Furthermore, there is no constitutional right to counsel in a civil case. Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1420 (10th Cir. 1992). Finally, many federal courts have held that the constitutional right to privacy is not implicated by the disclosure of social security numbers. Cassano v. Carb, 436 F.3d 74, 75 (2nd Cir. 2006); Pennyfeather v. Tessler, 431 F.3d 54, 56 (2nd Cir. 2005); McElrath v. Califano, 615 F.2d 434, 441 (7th Cir. 1980); McCauley v. Computer Aid, Inc., 447 F.Supp.2d 469, 473 (E.D.Pa. 2006) aff'd, 2007 WL 1830872 (3rd Cir. 2007); North Carolina ex rel. Kasler v. Howard, 323 F.Supp.2d 675, 679 (W.D.N.C.) aff'd, 78 Fed.Appx. 231 (4th Cir. 2003); Doyle v. Wilson, 529 F.Supp. 1343, 1348 (D.Del. 1982); see also, In re Crawford, 194 F.3d 954 (9th Cir. 1999) cert. denied, 528 U.S. 1189 (2000) (right to privacy is implicated but not violated by federal law requiring disclosure of social security numbers of non-attorneys who prepare bankruptcy petitions). Plaintiffs also fail to allege that they were compelled by persons acting under color of state law to disclose their social security numbers, which appear from plaintiffs' allegations to have been part of the legal documents drawn in connection with the disputed real estate transaction. Instead, they allege that the Register of Deeds made the information

7

available to others for viewing or copying after they were disclosed by plaintiffs during the real estate transaction.

Conclusion

The court shall dismiss this case without prejudice. We hold that plaintiffs have failed to state a cause of action under federal law and, therefore, there is no federal jurisdiction. A dismissal for lack of jurisdiction must be without prejudice. Brereton v. Bountiful City Corporation, 434 F.3d 1213, 1216 (10th Cir. 2006). We do not reach the res judicata argument.

Defendants again ask the court to apply sanctions against plaintiffs. After careful consideration, the court shall decline to do so. However, the court shall warn plaintiffs that they will likely be subject to sanctions if they continue to file pleadings which, in whole or in part, can reasonably be argued as frivolous.

**IT IS SO ORDERED.**

Dated this 20th day of July, 2007 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge